**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**        24 - _1186

CASE NO.:

| | |
|---|---|
| UPLIFTIES LLC, a Limited Liability Company | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| DUONG, NGUYEN THI THUY | : |
| | : |
| Defendant | : |

SCS

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

The Plaintiff, UPLIFTIES LLC ("Plaintiff"), represented by Eric Yu, on personal knowledge as to their own actions and on information and belief as to the actions, capabilities, and motivations of others, hereby alleges as follows:

### NATURE OF CASE

1.      Pursuant to 17 U.S. Code § 502 and § 512 ("DMCA"  or the "Digital Millennium Copyright Act") the Plaintiff seeks to protect themselves from the illegal, improper, unethical, and unfair actions of the Defendant, Nguyen Thi Thuy Duong ("Defendant"")  due to Defendant's unlawful use of Plaintiff's copyright-protected material, created by the Plaintiff, first published by Plaintiff on October 1, 2024 and October 5, 2020 respectively, on Plaintiff's Amazon Store at the following URL: (Plaintiff's' Store").

2.    "Service providers" as defined in the DMCA are required to implement and maintain a policy that provides for the termination of accounts that infringe upon the rights of copyright holders, in order to maintain the safe harbor provisions afforded by the DMCA from copyright infringement claims that the service providers would otherwise enjoy. This requirement is designed to effectuate one of the purposes of the DMCA "Those who repeatedly or flagrantly abuse their access to the Internet through disrespect for the intellectual property rights of others should know that there is a realistic threat of losing access." H.R. Rep. No. 105-551, pt. 2, at 61.

## JURISDICTION AND VENUE

3.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.    In addition, a design created by Plaintiff is unlawfully marketed by Defendant through Amazon.com, one of the largest online marketplaces in the world, with its website published at www.amazon.com (referred to hereafter as "Amazon"), accordingly, the acts of infringement perpetrated by the Defendant are only able to find a market due to being copies on the aforementioned website.

6.    Defendant has consented to the jurisdiction of the abovementioned court by way of a counter-notice (defined below) sent in terms of  17 U.S.C § 512 (g)(3) ("the counter-notice").

7.    Venue in this District is proper under 28 U.S.C § 1391 (b),(c),(d), and/or 28 U.S.C § 1400(a). Amazon LLC, the owner of the Amazon website, has an address and conducts its business in this District, *Id* § 1391(c)(3).

## THE PARTIES

8.    The Plaintiff, UPLIFTIES LLC, is a limited liability corporation having his place of business at Cedarwood CT, Lake Forest, California, 92630. Plaintiff sells bridesmaid and groomsmen gifts, including, best man cards on Plaintiff's website published at https://heatherwillow.com/ ("Plaintiff's website").

9.      The Defendant is a party only known to Plaintiff as Nguyen Thi Thuy Duong operating an Amazon Store, an individual allegedly having his principal place of business situatedTang 23 toa nha Vinaconex 9, Duong Pham Hung, Phuong Me Tri, Quan Nam Tu Liem, Thanh pho Ha Noi, Viet Nam.

## FACTS AND BACKGROUND

10.      Plaintiff sells bridesmaid and groomsmen gifts, including, best man cards originally published by Plaintiff on Plaintiff's website at the following URLs: https://heatherwillow.com/products/funny-groomsmen-proposal-cards-set-of-10-tags-groomsmen-gifts-brid esmaid-gifts-for-groomsmen-proposal-box-hang-tags and https://heatherwillow.com/products/groomsmen-proposal-cards-with-mustache-set-of-8-with-envelopes-5-x -7-funny-groomsmen-proposal-gifts-for-wedding ("Plaintiff's content"). Screenshots of Plaintiff's content is contained herewith marked **Exhibit A**.

<u>Defendant's Infringing Conduct on Amazon</u>

11.      Plaintiff's content was unlawfully sold by the shop owned by Defendant, and hosted by Amazon at the following URLs: https://www.amazon.com/dp/B0D6GL9WCH and https://www.amazon.com/dp/B0D3GN8TVG ("Defendant's Amazon Store").

12.      Plaintiff identified widespread copying of Plaintiff's content that was directly copied, by Defendant on Defendant's Amazon Store ("the infringing content").

13.      The following table contains links to the Plaintiff's original content and the infringing links that were reported to the designated copyright agent of Shopify:

| Title of Original Work | Link to Authorized Use of Content Owned by Plaintiff | Link to Infringing Content Distributed through Amazon |
|---|---|---|
| | https://heatherwillow.com/products/groo msmen-proposal-cards-with-mustache-s et-of-8-with-envelopes-5-x-7-funny-groo msmen-proposal-gifts-for-wedding | https://www.amazon.com/dp/B0D6GL9W CH |

| | https://heatherwillow.com/products/funny-groomsmen-proposal-cards-set-of-10-tags-groomsmen-gifts-bridesmaid-gifts-for-groomsmen-proposal-box-hang-tags | https://www.amazon.com/dp/B0D3GN8TVG |
|---|---|---|

14.    Between October 1, 2024 and October 13, 2024, copyright infringement notices were submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) to Shopify and Etsy ("the DMCA Take Down Notices"). Copies of the DMCA takedown notices are contained herewith marked **Exhibit B**.

15.    On or about October 11, 2024, Defendant submitted counter-notice to Amazon  (hereinafter referred to as "the counter notice") in response to the DMCA Take Down Notice dated October 1, 2024. A copy of the counter-notice is contained herewith marked **Exhibit C**.

## Grounds for Injunction against the Defendant

16.    The infringing links of the Defendant, more specifically made reference to in Paragraph 13 above contained original works of authorship constituting a pictorial or graphic work, as defined at 17 U.S. Code § 102 (a)(2) of the Copyright Act. Plaintiff's content is original unique intellectual property, published in a fixed tangible medium of expression, and can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, and, accordingly meets the definition of which is a subject matter capable of copyright protection in terms of 17 U.S. Code § 102 (a).

17.    In terms of 17 U.S. Code § 101 "Publication" includes a public performance or display of the work itself, whereby, it is displayed at a place open to the public or transmitted or otherwise communicated a display of work to the public, by means of any device or process, whether the members of the public capable of receiving the display can receive it in the same place or in separate places and at the same time or different times.

18.    In terms of Title 17 US Code § 106 (1) and 17 US Code § 106 (3) only the owner of a valid copyright notice has the right to reproduce and distribute copies of a copyrighted work to the public and in terms of Title 17 U.S. Code § 501 anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright.

19.     In terms of the above definition, Plaintiff is the legal owner of the copyright in Plaintiff's content published on and distributed through Plaintiff's website. The Plaintiff is the only party legally capable of reproducing and distributing Plaintiff's content. Defendant, by reproducing  and selling products with Plaintiff's content which constitutes but is not limited to, images, videos, text, designs, and other proprietary materials owned by Plaintiff, through the copying and publishing of Plaintiff's' content on the infringing website, is an infringing party as defined in Title 17 U.S. Code § 501.

20.     The above Honorable court is empowered by Title 17 U.S. Code § 502(a) to grant temporary injunctions on such terms as it deems reasonable against the Defendant.

## Claim for Relief
## Direct Infringement of Copyright
## (Against Defendants)

21.     Plaintiff repeats and realleges every allegation contained in paragraphs 1 to 20 as if fully set forth herein.

22.     Plaintiff has properly registered, owned, or controlled the copyrights in respect of Plaintiff's content and Plaintiff's website and Plaintiff's Amazon Store.

23.     Without any authorization from Plaintiff, or right under the law, Defendant has unlawfully distributed Plaintiff's content by transmitting unauthorized copies of those works to users in violation of the Copyright Act, 17 U.S.C § 106.

24.     The foregoing acts have been intentional, willful, and purposeful in disregard of and indifferent to the Plaintiff's rights.

25.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

26.     Alternatively, the Plaintiff is entitled to the maximum statutory damages, in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c) or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

27.    The Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

28.    Because of the exceptional nature of this case resulting from the Defendant's deliberate and willful infringing actions, this Court awarded to Plaintiff all reasonable attorney's fees, cost, and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505:

29.    Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause the Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyright and exclusive rights under copyright.

WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

A. For a preliminary and permanent injunction enjoining the Defendant and their respective officers, agents, servants and employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Plaintiff' content.

B. For all damages to which Plaintiff may be entitled, including Defendant's profits, in such amounts as may be found. Alternatively, at the Plaintiff's election, for statutory damages in the maximum amount allowed by law.

C. For prejudgement interest according to law.

D. For Plaintiff's attorneys' fees, and full costs and disbursements in this action.

E. For such other and further relief as the Court may deem appropriate and just.

Dated: October 22, 2024

By:___/ey/_____
ERIC YU

*Representing Uplifties Technologies*
Email: eric@heatherwillow.com
Address: Cedarwood CT, Lake Forest CA, 92630
*The Plaintiff*